IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHERRY E. WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-42-KAJ |
| | ) |
| THE UNITED STATES OF | ) |
| AMERICA, its officials or | ) |
| agencies, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Sherry E. Washington brings this action against the United States of America, its officials or agencies. (D.I. 3.) She appears *pro se* and on February 2, 2006, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 6.) I now proceed to review and screen the complaint and amended complaint pursuant to 28 U.S.C. § 1915.

I.  **THE COMPLAINT**

Washington brings suit against the United States of America, its officials or agencies. Her complaint is basically unintelligible, but exhibits submitted by Washington indicate that she was assaulted. She alleges that the police were called, and then she was taken by ambulance for medical care. She later filed a claim with the Delaware Violent Crime Compensation Board, and received an award in the amount of $194.00. Washington claims discrimination on the basis of her religious and national origin. It is not at all clear, but apparently Washington seeks some type of injunctive relief.

II.   **STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Inasmuch as plaintiff proceeds *pro se*, I will construe the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

III.   **ANALYSIS**

Washington brings this suit against the United States of America, its officials or agencies. Initially, it must be noted that the complaint contains absolutely no allegations against the United States. More important, however, is that the United States, as a sovereign, is immune from suit unless it consents to be sued. *See United*

*States v. Mitchell,* 445 U.S. 535, 538 (1980). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. *Id.* (citing *United States v. King*, 395 U.S. 1, 4 (1969)). Moreover, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell (II)*, 463 U.S. 206, 212 (1983).

There is nothing to suggest that the United States has waived its sovereign immunity. Accordingly, I am dismissing without prejudice the complaint brought against the United States of America, its officials or agencies pursuant to 28 U.S.C. § 1915(e)(2)(B), as it is immune from suit.

## IV. CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED that

1. Plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff is given leave to amend the complaint. The amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the time allowed, the case will be closed.

_____
UNITED STATES DISTRICT JUDGE

March 3, 2006
Wilmington, Delaware