IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHERRY E. WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-42-KAJ |
| ) | |
| THE UNITED STATES OF ) | |
| AMERICA, its officials or ) | |
| agencies, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Sherry E. Washington ("Washington") filed this action against the United States of America, its officials or agencies. (D.I. 3.) She appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 6.) The original complaint was screened and dismissed with leave to amend. (D.I. 7.) Washington then filed a first amended complaint and supplement which I will now review and screen.

For the reasons discussed below, the complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.  **THE COMPLAINT**

The complaint is basically unintelligible, and it is unclear what type of suit Washington attempts to bring. At various times she refers to the city police, the mayor, the Delaware Violent Crime Compensation Board, and employees from this Court's Clerk's Office. She refers to discrimination, slander, and photocopy tampering. Washington asks for "pain and suffering monetary equity and pecuniary."

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Inasmuch as plaintiff proceeds *pro se*, I will construe the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. ANALYSIS

Initially, I note that Washington did not name any new defendants, and that the United States of America, its officials or agencies were dismissed as parties in the first screening order. She makes mention of other individuals, but the complaint is basically devoid of coherent allegations.

A pleading setting forth a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. However, a court should dismiss a case, "if a *pro se* complaint is so confusing or unintelligible that no party could possibly understand or reply to it." *Cole v. Commonwealth Federal*, 1994 WL 618464, *1 (E.D.Pa.); (citing *King v. Fayette County*, 92 F.R.D. 457, 458 (W.D.Pa.1981); *Brown v. Califano*, 75 F.R.D. 497 (1977).

Here, Washington's complaint is neither plain nor does it show that she is entitled to relief. Washington was given an opportunity to correct the pleading errors contained in her original complaint. Yet, even given the latitude accorded *pro se* pleadings, her new filings are incomprehensible. Accordingly, the amended complaint and the supplement are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED that the amended complaint and supplement (D.I. 11, 12) are DISMISSED without prejudice as legally and factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976). The Clerk of the Court is directed to close the case.

_____
UNITED STATES DISTRICT JUDGE

June 13, 2006
Wilmington, Delaware